ORIGINAL
FILED

07 MAY 18 PM 2: 58

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

GREGORY D. RUEB, ESQ.  SB #154589
RUEB, MOTTA & MANOUKIAN
A Professional Law Corporation
1401 Willow Pass Rd., Ste. 880
Concord, CA 94520
Telephone: (925) 602-3400
Fax: (925) 602-0622

Attorneys for Plaintiffs
BRIGID BAILEY, individually, as the Personal Administrator for the
ESTATE OF JOSEPH PAUL BAILEY, Deceased, and as the Guardian Ad Litem for
SAMUEL P. BAILEY and PAUL F. BAILEY, and MEGHAN BAILEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JL

| | |
|---|---|
| BRIGID BAILEY, individually, as the Personal Administrator for the ESTATE OF JOSEPH PAUL BAILEY , Deceased, and as the Guardian Ad Litem for SAMUEL P. BAILEY and PAUL F. BAILEY, and MEGHAN BAILEY, Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. C 07 2655 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **(NEGLIGENCE, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, AND WRONGFUL DEATH)** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs allege:

## GENERAL JURISDICTION AND BACKGROUND ALLEGATIONS

1.      Plaintiff BRIGID BAILEY was the spouse of Joseph Paul Bailey (hereafter, the "decedent") and, at the time of decedent's death, a resident of Contra Costa County, State of California.

RUEB MOTTA MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

-1-
*Complaint for Damages*

*Bailey v. United States of America*

2.    On May 15, 2007, plaintiff BRIGID BAILEY filed a Petition for Letters of Administration for the ESTATE OF JOSEPH PAUL BAILEY, Deceased in Contra Costa County Superior Court Case #P07-00666. On the currently scheduled hearing date of July 5, 2007, plaintiff BRIGID BAILEY reasonably anticipates that she will be appointed as the Personal Representative to the ESTATE OF JOSEPH PAUL BAILEY. As such, plaintiff BRIGID BAILEY brings this action: (1) under the wrongful death statutes of the State of California as decedent Bailey's heir; (2) under the wrongful death statutes of the State of California as the Personal Representative of the ESTATE OF JOSEPH PAUL BAILEY; and (3) under the survival statutes of the State of California as the Personal Representative of the ESTATE OF JOSEPH PAUL BAILEY for those claims that survived decedent Bailey's death.

3.    Plaintiff BRIGID BAILEY, is further entitled to bring an action for the wrongful death of decedent pursuant to Code of Civil Procedure §377.60, based upon the fact that she was legally married to decedent at all times hereafter mentioned, including at the time of decedent's untimely death.

4.    On May 17, 2007, plaintiff BRIGID BAILEY was appointed as the Guardian Ad Litem for SAMUEL P. BAILEY (DOB June 10, 1990) and PAUL F. BAILEY (DOB October 3, 1993) in the Contra Costa County Superior Court Case #p07-00666. As such, plaintiff BRIGID BAILEY as the Guardian Ad Litem for SAMUEL P. BAILEY and PAUL F. BAILEY is entitled to bring an action for the wrongful death of pursuant to Code of Civil Procedure §377.60, based upon the fact that SAMUEL P. BAILEY and PAUL F. BAILEY were decedent's only surviving natural children.

RUEB MOTTA
MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

-2-
*Complaint for Damages*

*Bailey v. United States of America*

5.    Plaintiff MEGHAN BAILEY, is entitled to bring an action for the wrongful death of decedent pursuant to Code of Civil Procedure §377.60, based upon the fact that she was his step daughter at all times hereafter mentioned, including at the time of decedent's untimely death.

6.    The Causes of Action hereafter alleged arise under the Federal Tort Claims Act 28 U.S.C. §§ 1346, 2401, and 2671, *et seq.*

7.    At all times relevant hereto, the UNITED STATES OF AMERICA through the United States Department of the Army and the United States Army Corp of Engineers, Sacramento District had jurisdiction, management, and control of the Daguerre Point Dam on the Yuba River near Marysville, CA. This dam is submerged under water and not open and obvious to persons traveling down the Yuba River towards the dam.

8.    At all times relevant hereto, the United States Department of the Army and United States Army Corp of Engineers, Sacramento Districts' agents and employees were acting within the scope of their agency/employment with the UNITED STATES OF AMERICA.

9.    On or about May 29, 2005, decedent Joseph Paul Bailey (DOB August 8, 1959) and his two sons, SAMUEL P. BAILEY and PAUL F. BAILEY, were rafting down the Yuba River near Marysville, CA. For all of the reasons set forth below, their raft went over the Daguerre Point Dam and decedent drowned.

10.    On or about January 18, 2006, plaintiffs timely filed their Standard Form 95 Claim for Damage, Injury, or Death with the Department of the Army. On or about December 21, 2006, the Department of the Army issued their notice of final administrative action rejecting plaintiffs' claims.

RUEB MOTTA
MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

-3-
*Complaint for Damages*

*Bailey v. United States of America*

11.    Pursuant to the Federal Tort Claims Act 28 U.S.C. §§ 1402 (b) and 1346 (b)(1) venue lies in the United States District Court for the Northern District of California because, at all times relevant to the complaint, plaintiffs reside within this judicial district.

### FIRST CAUSE OF ACTION
#### (Survival Action Based Upon Negligence)

12.    Plaintiffs, BRIGID BAILEY, ESTATE OF JOSEPH PAUL BAILEY, SAMUEL P. BAILEY and PAUL F. BAILEY, and MEGHAN BAILEY refer to paragraphs 1 through 11 of this Complaint and incorporate them into this cause of action as though fully set forth herein.

13.    On or about May 29, 2005 (a sunny and warm Memorial Day weekend and traditionally the busiest rafting weekend of the season), decedent and his sons, SAMUEL P. BAILEY and PAUL F. BAILEY, were rafting on the Yuba River near Marysville, CA. They put their raft in the Yuba River at Parks Bar Bridge (a popular place to launch rafts into the Yuba River), which is approximately six miles up river and east of the submerged dam at Daguerre Point. There were no warning signs at the point of entry for the decedent and/or his sons to warn them of the submerged dam at Daguerre Point. Likewise, there were no warning signs anywhere up river before they approached the submerged dam. As a result, decedent and his sons, unaware of the presence of the underwater dam, went over the dam at Daguerre Point in their raft. The older son, SAMUEL P. BAILEY, was able to make it to the safety of a man operating a personal water craft, but the younger son, PAUL F. BAILEY, was flailing in the spill waters for several seconds until decedent was able to muster enough strength to push his younger son out of and away from the back flow waters. Another bystander on a personal water craft saw the younger son come out of the white

RUEB MOTTA
MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

-4-

water and saved him from the back flow. Decedent, however, was sucked under the dam's spill water and he died of asphyxia and drowning. Decedent's badly decomposed body was found approximately 12 days later.

14. On or about May 18, 2005 (eleven days before the tragic accident), David Grothe, Ranger/Manager of Englebright Dam and employee of the Army Corps of Engineers, Sacramento District along with members of his staff, were checking the salmon ladders on the Yuba River and observing the water levels at Daguerre Point Dam. Most importantly, they noted that the critical and necessary warning signs that had been carefully placed along numerous locations up river from the submerged dam at Daguerre Point were missing and/or washed away. Over the 11 days between the Army Corps of Engineers' actual knowledge of the missing and/or washed away signage and the date of this tragic accident, the employees of the Army Corps of Engineers, including David Grothe, disregarded this known hazardous/dangerous condition and chose to do nothing regarding the missing warning signs, which incidentally were later found some distance below the submerged dam. Records from Federal Prison Industries, who made the signs, and the Army Corp of Engineers, document that all of the necessary replacement signage was available on May 18, 2004 and located under their possession and control just 12 miles from Daguerre Point Dam at the Army Corp of Engineers, Sacramento District Area Office at Englebright Lake. This fact was also confirmed by David Grothe. In fact, the day after the drowning of decedent, Mr. Grothe ordered his staff to put in warning signs at all access points along the Yuba River for several miles prior to the submerged dam, as well as, immediately preceding the dam, so that any rafters or boaters would be adequately warned of the impending dangers of the submerged dam.

RUEB MOTTA
MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

-5-
Complaint for Damages
Bailey v. United States of America

15.    Title 36 CFR 327 and specifically section 330.03(1) states that the department shall conduct an inspection of all dams on navigable streams to determine the following: ". . .(b) The nature and extent of navigation hazards that exists at the dam; (c) The need for signs and/or devices to provide warnings and information for boaters; (d) The need for portage around the dam of boaters; (e) Specification of signs and devices as needed to provide warnings and information for boaters; . . . (f) The period of time during each year during which the signs must be in place."  Furthermore, section 330.04 (a) mandates that these "signs and devices shall be legible a minimum of 300 feet upstream from the dam. . . (b) Portage information signs shall be placed at the portage takeout points and at such intervals as are necessary to provide adequate information to anyone portaging the dam."

16.    Following the death of decedent, David Grothe acknowledged in the Appeal Democrat and the Nevada Union (two local newspapers in the region) that this particular Memorial Day weekend was the busiest weekend of the year for rafting on the Yuba River. Furthermore, David Grothe said that because the Army Corp had closed the Yuba River and Englebright Lake the preceding week due to its concern about cleaning unsafe debris from the river, the Army Corp had intended all along to have "everything open" by the Memorial Day weekend.

17.    Historically, to avoid rafting accidents causing great bodily injury or death, the Army Corp had placed graduated warning signs upstream from the dam.  These included warning signs at six miles, four miles, 1500 feet, 1000 feet, as well as several others up river from the dam.  Historically, there were also several signs ordering portage before the submerged dam.  None of these warning signs and portage signs were present on May 29, 2005, and with the low horizon vantage point of decedent in his rubber raft, decedent had no

RUEB MOTTA
MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

-6-

way of knowing the pending doom he and his children faced. The only two signs present on this day were located on either side of the dam abutments themselves, and once decedent was able see them, it was clearly too late to react to the pending dangers. Incidentally, on the same day, there was another group of rafters whose raft went over the submerged Daguerre Point Dam.

18.    As a direct and proximate result of the unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful manner of the UNITED STATES OF AMERICA, decedent, SAMUEL P. BAILEY and PAUL F. BAILEY were hurt and injured in their health, strength, and activity, sustaining injuries to their persons which caused them great mental, physical, emotional, and nervous pain and suffering. Plaintiffs, BRIGID BAILEY, ESTATE OF JOSEPH PAUL BAILEY, SAMUEL P. BAILEY and PAUL F. BAILEY, and MEGHAN BAILEY are informed and believe and thereupon allege that these injuries directly resulted in decedent's untimely death on May 29, 2005. As a result of these injuries and ultimate death, plaintiffs suffered general damages in an amount in excess of the minimum jurisdiction of this Court.

19.    As a further direct and legal result of the negligence of the UNITED STATES OF AMERICA, decedent, SAMUEL P. BAILEY and PAUL F. BAILEY have incurred medical related expenses. Plaintiffs, BRIGID BAILEY, ESTATE OF JOSEPH PAUL BAILEY, SAMUEL P. BAILEY and PAUL F. BAILEY, and MEGHAN BAILEY do not know at this time the exact amount of the expenses that have been incurred. When plaintiffs have ascertained this amount, plaintiffs will seek leave of the court, orally or in writing, to amend this complaint to insert this amount.

RUEB MOTTA
MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

-7-

*Complaint for Damages*

*Bailey v. United States of America*

20.     As a further direct and legal result of the negligence of UNITED STATES OF AMERICA, decedent, SAMUEL P. BAILEY and PAUL F. BAILEY have incurred, and will continue to incur lost wages. Plaintiffs, BRIGID BAILEY, ESTATE OF JOSEPH PAUL BAILEY, SAMUEL P. BAILEY and PAUL F. BAILEY, and MEGHAN BAILEY do not know at this time the exact amount of the lost wages that have been incurred and that will be incurred in the future. When plaintiffs have ascertained this amount, plaintiffs will seek leave of the court, orally or in writing, to amend this complaint to insert this amount.

## SECOND CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

21.     Plaintiffs BRIGID BAILEY, ESTATE OF JOSEPH PAUL BAILEY, SAMUEL P. BAILEY and PAUL F. BAILEY, and MEGHAN BAILEY refer to paragraphs 1 through 20 of this Complaint and incorporates them into this cause of action as though fully set forth herein.

22.     At all times, the UNITED STATES OF AMERICA had jurisdiction, management and control of the Daguerre Point Dam. This dam is submerged under water and was not open and obvious to persons traveling down the Yuba River towards the dam. As a result of this danger, the UNITED STATES OF AMERICA and its agents and employees had historically undertaken the necessary, reasonable and prudent task of placing, monitoring and controlling numerous warning signs for the presence of the dam along the Yuba River above the Daguerre Point Dam.

23.     For approximately eleven days prior to May 29, 2005, the UNITED STATES OF AMERICA and its agents and employees knew that the appropriate and necessary warning signage was missing from their locations up stream of the Daguerre Point Dam.

RUEB MOTTA
MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

-8-

24.    By virtue of the UNITED STATES OF AMERICA'S jurisdiction, management, and control of the signage and the submerged Daguerre Point Dam, there existed a pre-existing relationship between the UNITED STATES OF AMERICA and plaintiffs which imposed on the UNITED STATES OF AMERICA a duty of due care owed directly to plaintiffs.

25.    At all times mentioned, it was reasonably foreseeable that the acts and omissions of the UNITED STATES OF AMERICA would cause severe emotional distress to plaintiffs. At all times, the UNITED STATES OF AMERICA knew, or should have known that plaintiffs were dependent upon and had relied on the UNITED STATES OF AMERICA to provide adequate warning signs of the hidden and dangerous condition of the submerged Daguerre Point Dam.

26.    On or about May 29, 2005, the UNITED STATES OF AMERICA negligently failed to manage, supervise and control the Daguerre Point Dam by failing to warn plaintiffs of its hidden dangers. In addition, SAMUEL P. BAILEY and PAUL F. BAILEY contemporaneously witnessed the UNITED STATES OF AMERICA'S negligence and personally witnessed the horrific death of the decedent, their father.

27.    As a direct result of the negligent misconduct of the UNITED STATES OF AMERICA decedent and SAMUEL P. BAILEY and PAUL F. BAILEY have suffered severe emotional distress all to their respective damage in an amount to be established according to proof.

28.    As a further direct and legal result of the negligence of the UNITED STATES OF AMERICA, SAMUEL P. BAILEY and PAUL F. BAILEY have incurred medical related expenses. Plaintiffs do not know at this time the exact amount of the

RUEB MOTTA
MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

-9-
Complaint for Damages
Bailey v. United States of America

expenses that have been incurred. When plaintiffs have ascertained this amount, plaintiffs will seek leave of the court, orally or in writing, to amend this complaint to insert this amount.

29.    As a further direct and legal result of the negligence of the UNITED STATES OF AMERICA, SAMUEL P. BAILEY and PAUL F. BAILEY have incurred, and will continue to incur lost wages. Plaintiffs do not know at this time the exact amount of the lost wages that have been incurred and that will be incurred in the future. When plaintiffs have ascertained this amount, plaintiffs will seek leave of the court, orally or in writing, to amend this complaint to insert this amount

### THIRD CAUSE OF ACTION
**(Wrongful Death)**

30.    Plaintiffs, BRIGID BAILEY, ESTATE OF JOSEPH PAUL BAILEY, SAMUEL P. BAILEY and PAUL F. BAILEY, and MEGHAN BAILEY refer to paragraphs 1 through 29 of this Complaint and incorporate them into this cause of action as though fully set forth herein.

31.    As a direct and proximate result of the unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful conduct and inaction of the UNITED STATES OF AMERICA, as set forth above, decedent died on May 29, 2005.

32.    As a further direct and legal result of the negligence of the UNITED STATES OF AMERICA plaintiffs, BRIGID BAILEY, ESTATE OF JOSEPH PAUL BAILEY, SAMUEL P. BAILEY and PAUL F. BAILEY, and MEGHAN BAILEY have been deprived of the decedent's society, comfort, attention, love, affection, services, and support to their damage, the exact amount of which can not be ascertained at this time.

RUEB MOTTA
MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

1  When plaintiffs, BRIGID BAILEY, ESTATE OF JOSEPH PAUL BAILEY, SAMUEL P.

2  BAILEY and PAUL F. BAILEY, and MEGHAN BAILEY have ascertained this amount,

3  plaintiffs will seek leave of the court, orally or in writing, to amend this complaint to insert

4  this amount.

5         33.    As a further direct and legal result of the negligence of defendants and each

6  of them, including DOES 1 through 50, decedent has incurred, and will continue to incur

7  lost wages.   Plaintiffs, BRIGID BAILEY, ESTATE OF JOSEPH PAUL BAILEY,

8  SAMUEL P. BAILEY and PAUL F. BAILEY, and MEGHAN BAILEY do not know at this

9  time the exact amount of the lost wages that have been incurred and that will be incurred in

10  the future.  When plaintiffs have ascertained this amount, plaintiffs will seek leave of the

11  court, orally or in writing, to amend this complaint to insert this amount.

12        34.    As a further proximate result of the negligence of defendants, and each of

13  them, as herein alleged, and the death of the decedents, plaintiffs, BRIGID BAILEY,

14  ESTATE OF JOSEPH PAUL BAILEY, SAMUEL P. BAILEY and PAUL F. BAILEY, and

15  MEGHAN BAILEY have incurred funeral and burial expenses the exact amount of which

16  can not be ascertained at this time and plaintiffs pray leave to amend this paragraph and to

17  insert this amount once it can be ascertained.

18        WHEREFORE, plaintiffs, BRIGID BAILEY, ESTATE OF JOSEPH PAUL

19  BAILEY, SAMUEL P. BAILEY and PAUL F. BAILEY, and MEGHAN BAILEY pray

20  judgment against defendants and each of them as follows:

21        1.    For general damages in the total amount stated on Plaintiffs' Standard Form

22              95;

RUEB MOTTA
MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

-11-

*Complaint for Damages*

*Bailey v. United States of America*

2.   For special damages in the total amount stated on Plaintiffs' Standard Form 95;

3.   For medical and related expenses according to proof;

4.   For wage loss, past and future according to proof;

5.   For funeral and burial costs according to proof;

6.   For interest at the legal rate according to proof;

7.   For costs of suit herein incurred;

8.   For attorney fees in an amount according to proof;

9.   For such other and further relief as the court may deem proper.

Dated: May 17, 2007.

Respectfully Submitted,

RUEB MOTTA & MANOUKIAN

By _____
GREGORY D. RUEB, ESQ.
RUEB MOTTA MANOUKIAN
Attorneys for Plaintiffs,
BRIGID BAILEY, ESTATE OF JOSEPH PAUL
BAILEY, SAMUEL P. BAILEY and PAUL F.
BAILEY, and MEGHAN BAILEY

*Complaint for Damages*

*Bailey v. United States of America*

RUEB MOTTA
MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622